AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States of America
v.
Ernestina HERNANDEZ-Juarez
YOB: 1958, COC: Mexico
Juan Alejandro CASTRO-Amaro
YOB: 1997, COC: Mexico

*Defendant(s)*

Case No. M-18-2044-M
(Related: M-18-2043-M)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 1, 2018__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 United States Code § 554<br>18 United States Code § 2<br>18 United States Code § 371 | Did knowingly and willfully conspired, aided and abetted, to export or send from the United States, any merchandise, article, or object, to wit: approximately 40 Level III AR500 Steel Body Armor plates, contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States to wit: namely 50 U.S.C. 1702 and 1705. |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

✓ Continued on the attached sheet.

Approved by Robert L. Guerra
AUSA

_____
*Complainant's signature*

Gerardo Mercado, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/3/2018

_____
*Judge's signature*

City and state: McAllen, Texas

J. Scott Hacker / U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A

I. On October 1, 2018, U.S. Customs and Border Protection officers (CBPOs) and Homeland Security Investigations (HSI) Special Agents (SAs) intercepted an individual, later identified as Juan Alejandro CASTRO-Amaro, driving a GMC pickup truck bearing Tamaulipas, Mexico license plates: ZXZ199R (hereinafter referred to as "Target Vehicle") at the Hidalgo, Texas Port of Entry (POE) and conducted an outbound inspection as CASTRO attempted to exit the United States into Mexico.

II. During the outbound inspection, CASTRO provided CBPOs with a negative customs declaration. CBPOs searched the Target Vehicle and discovered approximately 28 Level III AR500 steel body armor plates and approximately 20 body armor plate carrying vests concealed under tools and equipment within the Target Vehicle's toolbox.

III. HSI Agents conducted a post Miranda interview of CASTRO at the Hidalgo, Texas POE. CASTRO admitted to attempting to smuggle the approximately 28 Level III AR500 steel body armor plates and approximately 20 body armor plate carrying vests concealed within the Target Vehicle. CASTRO stated he was aware it was unlawful to smuggle body armor and specific military related equipment from the United States into Mexico. CASTRO claimed he did not possess or has ever obtained an export license required to legally export Level III AR500 body armor from the United States into Mexico. CASTRO stated he was promised $130.00 USD from an individual in Mexico to smuggle the body armor and vest carriers into Mexico. CASTRO admitted he had previously successful smuggled body armor from the United States into Mexico. CASTRO stated that earlier that day, he entered the United States from Mexico and received the approximately 28 Level III AR500 steel body armor plates and approximately 20 body armor plate carrying vests from an older female, identified as Ernestina HERNANDEZ-Juarez, at an unknown residence. CASTRO

2

ATTACHMENT A

stated that weeks prior, he had received Level III AR500 body armor from HERNANDEZ which he successfully smuggled from the United States into Mexico.

IV. Subsequently, HSI Agents located HERNANDEZ at her residence in Alamo, Texas (hereinafter referred to as "Target Residence"). HSI Agents detained HERNANDEZ as she departed the Target Residence. HSI Agents conducted a post Miranda interview of HERNANDEZ at the Alamo Police Department in Alamo, Texas. HERNANDEZ admitted that earlier that day, she had received a significant amount of Level III AR500 steel body armor plates and body armor plate carrying vests delivered to the Target Residence via parcel services. HERNANDEZ admitted to transferring over the approximately 28 Level III AR500 steel body armor plates and approximately 20 body armor plate carrying vests over to unknown males driving a pickup truck with Mexican license plates. HERNANDEZ stated that she assumed the Level III AR500 steel body armor plates and body armor carriers would likely be exported to Mexico because the unknown males were from Mexico. HERNANDEZ admitted that an individual in Mexico had ordered the body armor plates and body armor vest carriers and had them shipped to the Target Residence. HERNANDEZ admitted that she had previously received and transferred Level III body armor to the same unknown males in the past.

V. HERNANDEZ granted HSI Agents consent to search the Target Residence. HSI Agents searched the Target Residence and seized 12 Level III AR500 body armor plates, eight (8) military type ballistic helmets, and other export restricted articles discovered within the Target Residence.

3

ATTACHMENT A

VI. According to the U.S. Department of Commerce, Bureau of Industry and Security (BIS) Level III steel body armor plates is determined to be an export-controlled item from the United States into Mexico described on the Commerce Control List (CCL) and regulated for export pursuant to the Export Administration Regulations (EAR) (15 C.F.R. Part 730 et seq.) and the Arms Export Control Act (22 U.S.C. 2778). Level III AR500 steel body armor is classified under Export Control Classification Number (ECCN) 1A613.d.2, controlled for national security (NS1), regional stability (RS1), United Nations embargo (UN) and anti-terrorism (AT1) reasons.